IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

Stephen Gooding 571-719-9829
3537 Terrace Drive, Apt. A
Suitland, MD 20746

Plaintiff,

v.

Walmart Inc.
702 SW 8th Street
Bentonville, AR 72716

Defendant.

Case No.: C-16-CV-26-003633

~~Civil Rights~~
COMPLAINT AND DEMAND FOR JURY TRIAL
FOR NEGLIGENCE

Plaintiff, Stephen Gooding, proceeding pro se, files this Complaint against Defendant Walmart Inc. and states as follows:

---

## I. PARTIES

1. Plaintiff is an individual residing in the State of Maryland.
2. Defendant Walmart Inc. is a corporation authorized to conduct business in Maryland and operates retail stores throughout Maryland and Virginia.

---

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to Maryland law.
4. Venue is proper in Prince George's County because Defendant conducts substantial business within this jurisdiction and part of the conduct giving rise to this action occurred within Maryland.

---

## III. FACTUAL ALLEGATIONS

5. Between approximately 2019 and March 2026, Plaintiff visited multiple Walmart retail locations, including but not limited to:

   a. Store 5753 – 6303 Richmond Highway, Alexandria, Virginia;
   b. Store 2799 – 8745 Branch Avenue, Clinton, Maryland;
   c. Walmart store located at 3549 Russett Green East, Laurel, Maryland;

6. Plaintiff further alleges that similar conduct began as early as 2019 and continued intermittently through the present. While not all earlier incidents are specifically detailed herein, those prior occurrences provide background and context for the repeated conduct described in this Complaint and demonstrate an ongoing pattern of monitoring and surveillance behavior directed toward Plaintiff.

7. During multiple visits to Walmart stores, Plaintiff observed repeated monitoring, following, and surveillance by individuals believed to be Walmart employees and/or security personnel.

8. The conduct occurred repeatedly across multiple dates and locations and was not isolated.

9. Plaintiff observed individuals repeatedly appearing in nearby aisles, monitoring Plaintiff's movements throughout stores, positioning themselves near checkout areas, and maintaining continuous visual observation of Plaintiff while Plaintiff shopped.

10. The conduct exceeded ordinary retail security observation practices and caused Plaintiff distress, discomfort, humiliation, and interference with Plaintiff's ability to freely shop within places of public accommodation.

11. Plaintiff did not engage in theft, suspicious conduct, or behavior that would reasonably justify repeated targeted monitoring.

12. On July 22, 2020, Plaintiff contacted Walmart customer service regarding concerns about repeated monitoring and surveillance occurring at the Laurel, Maryland Walmart store. Plaintiff informed Walmart that the conduct had been occurring for an extended period of time and was making Plaintiff's shopping experience uncomfortable.

13. Plaintiff observed repeated conduct over subsequent years that Plaintiff believed to be continued monitoring and surveillance.

14. Representative incidents include, but are not limited to, the following:

---

A. STORE 5753 – 6303 RICHMOND HIGHWAY, ALEXANDRIA, VIRGINIA

15. On March 7, 2026, between approximately 12:58 PM and 1:58 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

16. On March 1, 2026, between approximately 8:45 AM and 9:45 AM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

17. On February 7, 2026, between approximately 9:20 AM and 10:20 AM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

18. On January 30, 2026, between approximately 6:00 PM and 7:17 PM, Plaintiff observed a man repeatedly following Plaintiff throughout the store while Plaintiff shopped.

19. On January 10, 2026, between approximately 3:00 PM and 4:00 PM, Plaintiff observed a man and woman repeatedly following Plaintiff throughout the store while Plaintiff shopped. Plaintiff further observed a male employee near the store entrance monitoring Plaintiff near the produce section and self-checkout area. Plaintiff possesses video recordings relating to this incident.

20. On January 4, 2026, between approximately 2:20 PM and 3:00 PM, Plaintiff observed individuals believed to be security personnel monitoring Plaintiff while Plaintiff completed a return transaction and while shopping within the store.

21. On January 3, 2026, between approximately 2:45 PM and 3:47 PM, Plaintiff observed an older man repeatedly following Plaintiff throughout the store while Plaintiff shopped.

22. On December 21, 2025, between approximately 10:55 AM and 11:57 AM, Plaintiff observed two women repeatedly following Plaintiff through multiple aisles and near the self-checkout area. Plaintiff possesses a photograph relating to this incident.

23. On December 6, 2025, between approximately 3:35 PM and 4:40 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

24. On November 15, 2025, between approximately 11:10 AM and 12:10 PM, Plaintiff observed a man wearing a gray sweatshirt repeatedly following Plaintiff through multiple aisles and near the checkout area. Plaintiff possesses a photograph relating to this incident.

25. On November 1, 2025, between approximately 11:55 AM and 12:55 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

26. On October 25, 2025, between approximately 12:00 PM and 1:00 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

27. On October 18, 2025, between approximately 4:30 PM and 5:30 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

28. On September 17, 2025, between approximately 7:30 PM and 8:30 PM, Plaintiff observed a man and woman repeatedly following Plaintiff through store aisles and near the checkout area. Plaintiff possesses video recordings relating to this incident.

29. On June 13, 2025, between approximately 11:19 AM and 12:19 PM, Plaintiff observed a woman repeatedly appearing near Plaintiff throughout multiple aisles while Plaintiff shopped. Plaintiff also experienced repeated static interference during a phone call while inside the store. Plaintiff possesses photographs relating to this incident.

30. On May 17, 2025, between approximately 4:30 PM and 5:30 PM, Plaintiff observed a man wearing a black shirt and hat repeatedly following Plaintiff throughout store aisles while Plaintiff shopped. Plaintiff possesses a photograph relating to this incident.

31.On January 25, 2025, between approximately 1:00 PM and 2:30 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

B. STORE 2799 – 8745 BRANCH AVENUE, CLINTON, MARYLAND

32.On December 13, 2025, between approximately 1:00 PM and 2:00 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

33.On November 22, 2025, between approximately 1:10 PM and 2:10 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped. Plaintiff further observed a male individual speaking with a cashier near the checkout area, after which the cashier became noticeably distant during the checkout interaction.

34.On October 5, 2025, between approximately 2:30 PM and 3:30 PM, Plaintiff observed individuals believed to be security personnel following Plaintiff throughout the store while Plaintiff shopped.

IV. PRESERVATION OF EVIDENCE

35.Plaintiff provided Walmart Inc. with written notice requesting preservation of surveillance footage, internal reports, communications, employee logs, and electronically stored information relating to these incidents.

36.Walmart Inc. acknowledged receipt of Plaintiff's claim and later denied liability.

37.Walmart Inc. did not clearly confirm whether relevant surveillance footage and related records had been preserved.

V. COUNT I – INTRUSION UPON SECLUSION

38.Plaintiff incorporates all preceding paragraphs.

39.Defendant, through its employees and/or agents, intentionally intruded upon Plaintiff's privacy and solitude.

40.The repeated surveillance and monitoring exceeded ordinary retail security practices and would be highly offensive to a reasonable person.

41.As a direct result of Defendant's conduct, Plaintiff suffered damages including emotional distress, humiliation, and interference with ordinary shopping activities.

VI. COUNT II – NEGLIGENCE / NEGLIGENT SUPERVISION

42. Plaintiff incorporates all preceding paragraphs.

43. Defendant owed Plaintiff a duty to properly supervise, train, and control its employees and security personnel.

44. Defendant breached that duty by permitting repeated unreasonable monitoring and surveillance conduct toward Plaintiff.

45. Defendant knew or should have known that such conduct posed a risk of harm to customers.

46. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial;

B. Award costs and allowable relief permitted by Maryland law;

C. Grant such other and further relief as the Court deems just and proper.

---

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Stephen Gooding
Pro Se Plaintiff
3537 Terrace Drive, Apt. A
Suitland, MD 20746
Phone: 571-719-9829
email: goodingsrj@gmail.com



EXHIBIT LIST

Exhibit A – Preservation of Evidence Notice dated March 13, 2026

Exhibit B – Incident Dates and Timeframes

Exhibit C – Walmart Customer Service Complaint
(Incident No. 200722-015390)

Exhibit D – Walmart Claims Services Correspondence

Exhibit E – Walmart Claims Denial Letter dated April 3, 2026

Exhibit F – Representative Photographs
(Selected Images)

Exhibit G – Additional Correspondence Between Plaintiff and Walmart

Stephen Gooding
3537 Terrace Dr.
Apt. A
Suitland, MD 20746
571-719-9829

Stephen G[illegible]

Date: 03/13/2026

Walmart Inc.
Attn: Corporate Legal Department
702 SW 8th Street
Bentonville, AR 72716
United States

RE: **Litigation Hold and Preservation of Evidence Notice**

To Whom It May Concern,

This letter serves as formal notice that I anticipate filing legal claims arising from repeated incidents that occurred at retail locations operated by Walmart Inc. within the States of Maryland, Virginia, and New York. The purpose of this correspondence is to request that Walmart Inc. immediately preserve all evidence and electronically stored information relating to these incidents.

During multiple visits to Walmart store locations, I experienced conduct that included monitoring, following, and surveillance by employees and/or security personnel. Because these events may become the subject of litigation, Walmart Inc. is hereby placed on notice of its obligation to preserve all potentially relevant evidence.

This request also includes preservation of any data stored on security personnel mobile devices, tablets, handheld loss-prevention systems, or similar equipment used to document or monitor customers within Walmart stores. Walmart Inc. must take immediate steps to ensure that such recordings or data are not deleted, overwritten, or otherwise destroyed.

In addition to fixed surveillance systems, this preservation request also applies to any recordings or data captured by security personnel through portable or wearable devices. Walmart Inc. is requested to preserve any body-worn camera recordings, handheld security device recordings, mobile surveillance equipment, or other electronic monitoring devices used by employees or loss-prevention personnel during the relevant dates and times.

You are requested to immediately implement a **litigation** hold to prevent the destruction, deletion, alteration, or modification of any records, documents, or electronically stored information relating to these incidents.

The categories of evidence that must be preserved include, but not limited to:

- All surveillance video recordings from store cameras covering the relevant dates and times listed in the attached incident list
- Any archived or cloud-stored video recordings relating to these incidents
- Loss-prevention reports, incident reports, and security documentation
- Internal communications including emails, messages, or memoranda referencing the Plaintiff
- Security logs, monitoring notes, and employee observations

- Any internal databases, watch lists, or monitoring systems referencing the Plaintiff
- Employee schedules identifying personnel present during the incidents
- Security dispatch records or radio communications relating to store security operations
- Any third-party security contractor reports or communications

This preservation obligation applies to **all physical and electronically stored information (ESI)** maintained by Walmart Inc., including records stored at store locations, regional offices, corporate offices, off-site archives, and third-party electronic storage systems.

Please be advised that this notice applies regardless of Walmart Inc.'s routine document or data retention policies. If any relevant surveillance recordings, electronic records, or documents are subject to automatic deletion, overwriting, recycling, or other routine destruction after a set period of time (including systems that typically delete surveillance footage after approximately thirty (30) days), Walmart Inc. must immediately suspend such deletion policies with respect to any materials potentially relevant to the incidents described.

Walmart Inc. is therefore required to take all reasonable steps to preserve, secure, and prevent the alteration or destruction of surveillance recordings and related records, including by copying or archiving any footage before it is overwritten by automated systems. This obligation applies to all surveillance systems, including in-store cameras, digital video recording systems, cloud-based storage platforms, and any third-party security systems used by Walmart Inc.

The duty to preserve relevant evidence arises once litigation is reasonably anticipated. Accordingly, Walmart Inc. must ensure that all personnel responsible for document retention, information technology systems, and loss-prevention operations are notified of this litigation hold and take immediate steps to preserve all responsive materials.

Attached to this letter is a document identifying **relevant incident dates and approximate times of visits to Walmart store locations** for which preservation of evidence is requested.

Please confirm in writing within fourteen (14) days that Walmart Inc. has received this notice and has implemented appropriate steps to preserve the materials described above.

This correspondence is sent in good faith to ensure that relevant evidence is preserved pending resolution of this matter.

Sincerely,

Stephen Gooding
3537 Terrace Drive – Apartment A
Suitland, Maryland 20746
571-719-9829
goodingsrj@gmail.com

Date: 03/13/2026

Preservation of Evidence:

Relevant Incident Dates:

Incident Dates Requiring Preservation:

**Store 5753: 6303 Richmond Highway, Alexandria, Virginia**

| | |
|---|---|
| March 7, 2026 | – Approximately between 12:45 and 2:00 PM |
| March 1, 2026 | – Approximately between 8:45 and 10 AM |
| February 7, 2026 | – Approximately between 9:10 and 10:15 AM |
| January 30, 2026 | – Approximately 6:10 and 7:10 PM |
| January 10, 2026 | – Approximately 3:00 and 4:00 PM |
| January 4, 2026 | – Approximately 2:20 and 3:30 PM |
| January 3, 2026 | – Approximately 2:45 and 4:00 PM |
| December 21, 2025 | – Approximately 10:55 AM and 12:00 PM |
| December 6, 2025 | – Approximately 3:35 and 4:45 PM |
| November 15, 2025 | – Approximately 11:10 AM and 12:15 PM |
| November 1, 2025 | – Approximately 11:55 AM and 1:00 PM |
| October 25, 2025 | – Approximately 12:00 and 1:00 PM |
| October 18, 2025 | – Approximately 4:30 and 5:30 PM |
| September 17, 2025 | – Approximately 7:30 and 8: 30 PM |
| June 13, 2025 | – Approximately 11:19 AM and 12:20 PM |
| May 17, 2025 | – Approximately 4:30 and 5:30 PM |
| January 25, 2025 | – Approximately 1:00 PM and 2:30 PM |

**Store 2799: 8745 Branch Avenue, Clinton, Maryland**

| | |
|---|---|
| December 13, 2025 | – Approximately 1:00 and 2:00 PM |
| November 22, 2025 | – Approximately 1:10 and 2:10 PM |
| October 5, 2025 | – Approximately 2:30 and 3:30 PM |

Stephen Gooding
3537 Terrace Drive
Apartment A
Suitland, Maryland 20746
571-719-9829
goodingsrj@gmail.com

M

## Store Experience [Incident: 200722-015390]

message

**WMSTORES** <wmstorehelp@mailva.custhelp.com> Thu, Jul 23, 2020 at 5:42
Reply-to: WMSTORES <wmstorehelp@mailva.custhelp.com>
To: goodingsrj@gmail.com

Image

Question Reference # 200722-015390

Subject

**Store Experience**

Response By Email (07/23/2020 04:42 AM)

Hi Stephen,

Your satisfaction is our top priority and your comments have been forwarded to your local Store. The management team there will take appropriate action and you can expect a response from them within three business days.

Thank you for contacting Walmart where we are always happy to help!

Customer By (07/22/2020 08:20 AM)

Hi, For over a year now the security team and self checkout cashiers at Walmart, in Laurel MD, has been following me around, it is getting to the point of harassment. I could understand trying to catch shoplifters but it's been over a year and they're still harassing me making me feel like a thief and my shopping experience very uncomfortable. I would like this to stop, if it doesn't my next step will be legal action.
Thanks,
Stephen Gooding

**Take Advantage of Great Deals Below!**

Gmail Steve <goodingsrj@gmail.com>

**26095938 (Gooding, Stephen)**
6 messages

**Christine Williamson** <Chris.Williamson@walmart.com> Tue, Mar 31, 2026 at 2:08 PM
To: "goodingsrj@gmail.com" <goodingsrj@gmail.com>

Hello Mr. Gooding,

I have received you letter and wish to discuss your file with you.

Please give me a call at your earliest convenience.

You can reach me at 800-527-0566 x 57987.

Thank you,

Chris

Chris Williamson ~Senior Analyst, Litigation Manager

General Liability-AP/ Auto Team/Pharmacy

Walmart Claims Services: CA License # 2109690
Phone 800-527-0566 x 57987

Fax 877-219-0742

Chris.williamson@walmart.com

**WMCS**

**PO Box 14731**

**Lexington , KY 40512**

**Overnight address**

**WMCS**

**2432 Fortune Drive**

**Lexington, KY 40509**

Ex. D Page 1 of 7

Gmail

Steve <goodingsrj@gmail.com>

## 26095938 (Gooding, Stephen)

**Steve** <goodingsrj@gmail.com> Tue, Mar 31, 2026 at 9:21 PM
To: Christine Williamson <Chris.Williamson@walmart.com>

Hello Mrs. Williamson,

Your voice mail states you would like more information about my claim, I would prefer if you state that requirement via email or certified mail as it would be clear and precise.

I appreciate your cooperation in this matter.

Thanks
Stephen Gooding
Goodingsrj@gmail.com
571-719-9829
[Quoted text hidden]

Ex. D Page 2 of 7

Gmail

Steve <goodingsrj@gmail.com>

# 26095938 (Gooding, Stephen)

**Christine Williamson** <Chris.Williamson@walmart.com>
To: Steve <goodingsrj@gmail.com>

Wed, Apr 1, 2026 at 8:48 AM

Hi Steve,

Thank you for getting back to me. To move forward and ensure that we're able to thoroughly review your claim, I'll need a few key details from you. Could you please provide the exact location and time of each incident, as well as the names of any employees or security personnel involved? If possible, a brief description of each person would be very helpful.

Additionally, please send your receipt for each location, as this will assist us in identifying relevant information. Due to the limited timeframe for video retrieval, it's important that we receive these details as soon as possible.

Was this incident reported to the police? If so, do you have a police report you could share? Also, if you reported the incident to any store associates, please let me know their names.

To ensure clarity, please detail your exact allegation for each date you submitted, and provide any documentation or records you may have to support your claim.

I look forward to your response and appreciate your cooperation.

Thank you,

Chris

Chris Williamson ~Senior Analyst, Litigation Manager

General Liability-AP/ Auto Team/Pharmacy

Walmart Claims Services: CA License # 2109690
Phone 800-527-0566 x 57987

Fax 877-219-0742

Chris.williamson@walmart.com

Ex. D Page 3 of 7

Gmail Steve <goodingsrj@gmail.com>

## 26095938 (Gooding, Stephen)

Steve <goodingsrj@gmail.com> Wed, Apr 1, 2026 at 11:39 AM
To: Christine Williamson <Chris.Williamson@walmart.com>

RE: Response to Request for Additional Information – Preservation of Evidence

Hi Christine,

I am in receipt of your correspondence requesting additional information in connection with my prior Litigation Hold and Preservation of Evidence Notice.

Without limiting Walmart Inc.'s existing preservation obligations, I provide the following information to assist in identifying relevant materials.

The incidents occurred at the following Walmart store locations:

**Store 5753**

6303 Richmond Highway

Alexandria, Virginia

Relevant dates and approximate timeframes include, but are not limited to:

- March 7, 2026 – approximately 12:45 PM to 2:00 PM
- March 1, 2026 – approximately 8:45 AM to 10:00 AM
- February 7, 2026 – approximately 9:10 AM to 10:15 AM
- January 30, 2026 – approximately 6:10 PM to 7:10 PM
- January 10, 2026 – approximately 3:00 PM to 4:00 PM
- January 4, 2026 – approximately 2:20 PM to 3:30 PM
- January 3, 2026 – approximately 2:45 PM to 4:00 PM
- December 21, 2025 – approximately 10:55 AM to 12:00 PM
- December 6, 2025 – approximately 3:35 PM to 4:45 PM
- November 15, 2025 – approximately 11:10 AM to 12:15 PM
- November 1, 2025 – approximately 11:55 AM to 1:00 PM
- October 25, 2025 – approximately 12:00 PM to 1:00 PM
- October 18, 2025 – approximately 4:30 PM to 5:30 PM
- September 17, 2025 – approximately 7:30 PM to 8:30 PM
- June 13, 2025 – approximately 11:19 AM to 12:20 PM

Ex. D Page 4 of 7

- May 17, 2025 – approximately 4:30 PM to 5:30 PM
- January 25, 2025 – approximately 1:00 PM to 2:30 PM

Store 2799

8745 Branch Avenue

Clinton, Maryland

Relevant dates and approximate timeframes include, but are not limited to:

- December 13, 2025 – approximately 1:00 PM to 2:00 PM
- November 22, 2025 – approximately 1:10 PM to 2:10 PM
- October 5, 2025 – approximately 2:30 PM to 3:30 PM

These dates and timeframes are provided in good faith to facilitate identification of responsive materials. Walmart Inc.'s obligation to preserve evidence is not limited to these entries and extends to any additional relevant recordings, logs, communications, or data relating to the conduct described in my prior notice.

With respect to your additional requests:

- Identification of specific employees or security personnel is not currently available and is within Walmart Inc.'s possession, custody, and control.
- Any responsive records, including employee identities, schedules, and internal reports, should be preserved and identified through your internal systems.
- The absence of receipts does not affect Walmart Inc.'s obligation to preserve surveillance footage and related records.
- To the extent any incident reports, internal documentation, or communications exist, those materials must also be preserved.

This matter remains under review, and additional details may be provided at the appropriate time. However, Walmart Inc.'s duty to preserve relevant evidence has already been triggered and must be fully implemented without delay.

Given the known limitations on surveillance retention systems, including automatic overwriting, Walmart Inc. must take immediate steps to preserve all potentially relevant footage and data.

Failure to preserve relevant evidence after receipt of this notice may result in claims for spoliation and appropriate legal remedies.

Please confirm in writing that appropriate preservation measures have been implemented.

Sincerely,

Stephen Gooding

[Quoted text hidden]

Ex. D Page 5 of 7

Gmail

Steve <goodingsrj@gmail.com>

## 26095938 (Gooding, Stephen)

**Christine Williamson** <Chris.Williamson@walmart.com>
To: Steve <goodingsrj@gmail.com>

Wed, Apr 1, 2026 at 11:50 AM

Hi Steve,

Thank you for your detailed response and for providing the incident dates and locations. To help us move forward efficiently, I need your assistance in narrowing down the specific timeframes for the video footage you wish to have preserved, as well as confirming the exact locations. This will enable us to focus our efforts and ensure that relevant materials are retained appropriately.

As previously mentioned, it's important that you provide receipts from each day you were present at the store. These receipts will help verify your presence and support our search for pertinent information. Additionally, please submit all documentation of damages and any other evidence related to your claim so your file can be thoroughly evaluated.

If you have any questions about what to provide or need clarification, please let me know. I appreciate your cooperation and look forward to receiving the requested information.

Thank you,

Chris

[Quoted text hidden]

Ex. D Page 6 of 7

Gmail

Steve <goodingsrj@gmail.com>

## 26095938 (Gooding, Stephen)

**Steve** <goodingsrj@gmail.com> Wed, Apr 1, 2026 at 12:43 PM
To: Christine Williamson <Chris.Williamson@walmart.com>

Hi Chris,

To clarify, my prior correspondence placed Walmart Inc. on formal notice of anticipated litigation and triggered its legal obligation to preserve all potentially relevant evidence. This obligation exists independently of any receipts, purchase records, or documentation of damages.

While I understand your request for additional materials in connection with any internal evaluation process, such requests do not limit or delay Walmart Inc.'s duty to immediately preserve relevant evidence, including surveillance footage, internal reports, communications, and related data.

As previously provided, I have supplied the specific store locations, dates, and approximate timeframes necessary to identify and preserve relevant materials. Any further identification of responsive information, including transaction data, employee identities, and internal records, is within Walmart Inc.'s possession, custody, and control.

The absence of receipts does not affect the existence or scope of relevant surveillance footage or other records, nor does it relieve Walmart Inc. of its preservation obligations.

Documentation relating to damages and additional evidentiary materials will be provided at the appropriate stage of this matter. At this time, the priority remains the immediate preservation of all relevant evidence, particularly in light of known automated deletion and overwriting systems.

Please confirm in writing that Walmart Inc. has implemented appropriate litigation hold procedures and has taken all necessary steps to preserve relevant materials.

Failure to preserve relevant evidence after receipt of this notice may result in claims for spoliation and appropriate legal remedies.

Sincerely,
Stephen Gooding
[Quoted text hidden]

Ex. D Page 7 of 7

# Walmart Claims Services

04/23/26

Stephen Gooding
3537 Terrace Drive Apt A
Suitland , Maryland 20746

Dear Stephen Gooding :

Walmart Inc. values you as a customer and regrets that your shopping experience was impacted by the incident you reported while visiting the store.

Walmart Claims Services, Inc. administers claims on behalf of the Walmart family of brands ("Walmart") and their insurers. Your incident was referred to me for review. It is my responsibility to review the specific facts surrounding your incident to determine if it is payable under the applicable insurance policy.

After careful consideration of the information provided or obtained concerning the incident, I have concluded that a payment cannot be issued under the applicable policy because Walmart was not responsible for the incident.

If you have additional information, evidence or other facts you believe may impact or change my decision, please submit it for my review.

Thank you for being a loyal customer.

Respectfully,

Chris
Chris Williamson - Senior Analyst, Claims Litigation
Phone: 800-527-0566+57987
Fax: 877-219-0742
Email: Chris.Williamson@walmart.com

Reference #: 26095938

Walmart Claims Services, Inc.
**P.O. Box 14731 Lexington, KY 40512-4731**

*Walmart Claims Services, Inc. is the administrator for the Walmart family of brands and for certain insurers, including:* Walmart Inc.

June 13, 2025



Ex. F Page 1 of 3

January 10, 2026



January 10, 2026



# Walmart Claims Services

04/03/26

| Stephen Gooding
3537 Terrace Drive Apt A
Suitland , Maryland 20746 |

RE: Stephen Gooding
File Number: 26095938
Date of Loss: 03/07/26
Facility #: 5753 - ALEXANDRIA RICHMOND HWY
Entity Name: Walmart Inc

Dear Stephen Gooding :

As you know, Walmart Claims Services (WCS) administers liability claims on the behalf of the Walmart family of retail brands and their insurers.

I hope you have been doing well since we last spoke. We have made a decision on your claim and I would like to discuss it with you. Please contact me at your earliest conven ence so we can discuss bringing your claim to closure.

Sincerely,

Chris

Chris Williamson - Senior Analyst, Claims Litigation
Phone: 800-527-0566+57987
Fax: 877-219-0742
Email: Chris.Williamson@walmart.com

*Walmart Claims Services, Inc. is the administrator for the Walmart family of brands and for certain insurers, including:* Walmart Inc.

**Walmart Claims Services, Inc.**

**P. O. Box 14731 - Lexington, KY - 40512-4731**

Date: 4/13/2026

Walmart Claims Services
Attn: Chris Williamson – Senior Analyst, Claims Litigation
P.O. Box 14731
Lexington, KY 40512-4731

RE: Claim Response – Request for Written Determination

To Whom It May Concern,

I am in receipt of your correspondence dated April 3, 2026, indicating that a decision has been made regarding my claim.

At this time, I request that any determination, including the basis for such decision, be provided to me in writing. This includes any findings, conclusions, or supporting information relied upon in evaluating the claim.

Given the nature of this matter and the potential for litigation, I am not in a position to discuss the claim by telephone. Written communication will ensure clarity and an accurate record of all representations.

Additionally, please confirm whether all relevant evidence, including surveillance footage, internal reports, and related records identified in my prior correspondence, has been preserved.

I look forward to your written response.

Sincerely,
Stephen Gooding
571-719-9829
goodingsrj@gmail.com

05/07/2026

Walmart Claims Services, Inc.
Attn: Chris Williamson – Senior Analyst, Claims Litigation
P.O. Box 14731
Lexington, KY 40512

RE: Response to Claim Denial

Dear Chris Williamson:

I am in receipt of Walmart's correspondence denying my claim.

I disagree with Walmart's conclusion and note that the denial letter does not identify the evidence reviewed, whether relevant surveillance footage was preserved or examined, or whether internal employee reports and communications were investigated.

As previously stated, Walmart was placed on formal notice of anticipated litigation and its obligation to preserve all relevant evidence, including surveillance recordings, internal reports, employee logs, communications, and electronically stored information relating to the incidents identified in my prior correspondence.

Please be advised that I continue to maintain that the conduct described exceeded ordinary retail security practices and involved repeated and targeted monitoring across multiple dates and locations.

Accordingly, I request confirmation that all relevant evidence has been preserved, including any archived, cloud-stored, or internally maintained surveillance recordings and related records.

This matter remains under review for potential litigation, and all rights, claims, and remedies are expressly reserved.

Sincerely,

Stephen Gooding

phone: 571-719-9829

email: goodingsrj@gmail.com